## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.:  20-CV-1287

CHRISTA MCBURNEY f/k/a CHRISTA HYMES, an individual,

       Plaintiff,

v.

MRS BPO, L.L.C., d/b/a MRS Associates, a New Jersey limited liability company; CONVERGENT OUTSOURCING, INC., a Washington corporation,

       Defendant.

## COMPLAINT

### INTRODUCTION

1. This is an action for actual and statutory damages brought by Christa McBurney f/k/a Christa Hymes (the "**Plaintiff**"), an individual consumer, against MRS BPO, L.L.C., d/b/a MRS Associates, a New Jersey limited liability company ("**MRS**") and Convergent Outsourcing, Inc., a Washington corporation ("**Convergent**") (collectively, the "**Debt Collectors**"), for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter, "**FDCPA**"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

4. Plaintiff is an individual who resides in the County of Jefferson, State of Colorado.

5. Plaintiff is a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

6. MRS is a New Jersey limited liability company that collects debts from consumers in the State of Colorado.

7. MRS has a place of business at 1930 Olney Avenue, Cherry Hill, NJ 08003.

8. MRS maintains a registered agent at 7700 E. Arapahoe Road, Suite 220, Centennial, CO 80112.

9. Convergent is a Washington corporation that collects debts from consumers in the State of Colorado.

10. Convergent has a place of business at 800 SW 39th Street Suite #100, Renton, WA 98057.

11. Convergent maintains a registered agent at 13111 E. Briarwood Ave., #340, Centennial, CO 80112.

12. Each Debt Collector regularly attempts to collect debts from consumers alleged to be due another.

13. Each Debt Collector is engaged in the collection of debts from consumers using the mail and telephone.

14. Each Debt Collector is engaged in a business, the principal purpose of which is the collection of debts.

15. Each Debt Collector is a "debt collector", as that term is defined by 15 U.S.C. § 1692a(6).

## FACTS

16. During the one year prior to the filing of this lawsuit, each Debt Collector has attempted to collect a debt that the Plaintiff allegedly owes to "National Collegiate Master Student Loan Trust I" (the "**Debt**").

17. The Debt is an obligation that was allegedly incurred primarily for personal, family, or household purposes. To wit, the Debt is a student loan.

18. The Debt was originally incurred to P.N.C. Bank, National Association, a national banking association headquartered in Pittsburgh, Pennsylvania.

19. The Debt is a "debt", as that term is defined by 15 U.S.C. § 1692(a)(5).

20. Plaintiff cosigned the Debt with her grandmother.

21. When Plaintiff's grandmother unexpectedly passed away in 2009, Plaintiff was unable to make payments on the Debt.

22. The last payment made on the Debt was more than six years ago.

23. The statute of limitations has run on the Debt.

## FACTS SPECIFIC TO MRS

24. On or about August 10, 2019, MRS sent a dunning letter concerning the Debt to Plaintiff.

25. The August 10, 2019 letter was MRS's "initial communication" with Plaintiff, as that term is used by 15 U.S.C. § 1692g(a) (the "**MRS Initial Communication**").

26. The MRS Initial Communication was sent after the Debt was barred by the statute of limitations.

27. The MRS Initial Communication states that "Resolving a long overdue debt is never easy. Often the hardest part is taking the first step. We are ready to assist you to find a solution that is both fair and reasonable."

28.     The statement "[w]e are ready to assist you to find a solution that is both fair and reasonable" is false, deceptive, and misleading.

29.     MRS is not "ready to assist" Plaintiff in finding a "solution" that is both "fair and reasonable".

30.     Instead, MRS is attempting to mislead and deceive Plaintiff into taking action whereby Plaintiff would revive the statute of limitations on a time-barred debt.

**FACTS SPECIFIC TO CONVERGENT**

31.     On or about November 11, 2019, Convergent sent a dunning letter concerning the Debt to Plaintiff.

32.     The November 11, 2019 letter was Convergent's "initial communication" with Plaintiff, as that term is used by 15 U.S.C. § 1692g(a) (the "**Convergent Initial Communication**".)

33.     The Convergent Initial Communication states: "Our client has advised us that they are willing to satisfy your account for 60% of your total balance due to satisfy your past balance".

34.     The foregoing statement is both grammatically and logically confusing.

35.     The foregoing statement implies that Convergent's client will satisfy the Debt.

36.     Convergent's client will not satisfy the Debt.

37.     The Convergent Initial Communication identifies the Debt by a "Client Account Number" but fails to identify who the "client" is.

38.     The "client" is not the creditor.

39.     Instead, the "client" is another, unnamed collection agency who has placed the Debt with Convergent for collection.

40. By identifying, but not disclosing, the client, the Convergent Initial Communication would confuse and mislead the least sophisticated consumer as to whom the Debt is owed and by whom the Debt is being collected.

41. The Convergent Initial Communication states that the "Amount Owed" is $24,568.16.

42. The amount that Convergent states as "Amount Owed" is deceptive and misleading as it would create the impression that interest is accruing on the entire "Amount Owed" when in fact, interest is accruing only on the principal.

43. The Convergent Initial Communication states that the "Interest" is $12.06.

44. On information and belief, the amount that Convergent states as "Interest" is false, misleading, and deceptive because "Interest" is actually only the amount of interest that has allegedly accrued since the Debt was assigned to Convergent.

45. In response to the Convergent Initial Communication, Plaintiff sent a letter to Convergent stating that she disputed the debt, and asked Convergent to verify the Debt.

46. In response to Plaintiff's dispute and verification request, Convergent responded with a letter stating: "This debt is valid, attached is verification of the debt." (the "**Validation**").

47. The Validation fails to disclose that the Debt is barred by the statute of limitations.

48. The failure to disclose that the Debt is barred by the statute of limitations is deceptive and misleading.

49. Calling the Debt "valid" when it was barred by the statute of limitations deceived and mislead Plaintiff.

50. The Validation includes a credit application and note disclosure statement.

51. The credit application and note disclosure statement show PNC Bank, N.A. as the creditor.

52. The Validation does not contain any information showing that the Debt was ever assigned by PNC Bank, N.A. to National Collegiate Master Student Loan Trust I.

53. The Validation contradicts the Convergent Initial Communication in that the Validation identifies two different potential creditors: National Collegiate Trust and PNC Bank, N.A.

54. Neither National Collegiate Trust nor PNC Bank, N.A. is the creditor.

55. The Validation states a balance of $24,684.73, implying that interest is accruing at a different rate than reflected in the Convergent Initial Communication.

56. The Validation omits material parts of the credit application and credit agreement that would inform Plaintiff of her rights and obligations concerning the Debt.

## COUNT I
### (Violations of the FDCPA, 15 U.S.C. § 1692 *et seq.*)
### (Against MRS)

57. Plaintiff incorporates by reference the allegations of paragraphs 1 through 30 as though fully set forth herein.

58. At all times material hereto, Plaintiff was a "consumer", as that term is defined under 15 U.S.C. § 1692a(3).

59. At all times material hereto, the Debt the Debt Collector was attempting to collect was a "debt", as that term is defined under 15 U.S.C. § 1692a(5).

60. At all times material hereto, the Debt Collector was a "debt collector", as that term is defined under 15 U.S.C. § 1692a(6).

61. MRS has violated 15 U.S.C. § 1692e and 1692e(10).

62. Plaintiff is entitled to actual and statutory damages in an amount to be determined at trial.

**COUNT II**
**(Violations of the FDCPA, 15 U.S.C. § 1692 *et seq.*)**
**(Against MRS)**

63. Plaintiff incorporates by reference the allegations of paragraphs 1 through 23 and 31 through 56 as though fully set forth herein.

64. At all times material hereto, Plaintiff was a "consumer", as that term is defined under 15 U.S.C. § 1692a(3).

65. At all times material hereto, the Debt the Debt Collector was attempting to collect was a "debt", as that term is defined under 15 U.S.C. § 1692a(5).

66. At all times material hereto, the Debt Collector was a "debt collector", as that term is defined under 15 U.S.C. § 1692a(6).

67. MRS has violated 15 U.S.C. § 1692e, 1692e(2)(A), 1692e(10), and 1692g(a).

68. Plaintiff is entitled to actual and statutory damages in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Christa McBurney f/k/a Christa Hymes prays for relief and judgment against each MRS BPO, L.L.C., d/b/a MRS Associates, a New Jersey limited liability company, and Convergent Outsourcing, Inc., a Washington corporation, as follows:

1. Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

2. Awarding Plaintiff her actual damages pursuant to 15 U.S.C. § 1692k;

3. Awarding Plaintiff reasonable attorney fees and costs incurred in this action, pursuant to 15 U.S.C. § 1692k;

4. Awarding Plaintiff pre-judgment and post-judgment interest as may be allowed under the law; and

5. Awarding such other and further relief as the Court may deem just and proper.

## **TRIAL BY JURY**

Plaintiff is entitled to and hereby demands a trial by jury.

Dated: May 7, 2020

                                              Respectfully submitted,

                                              /s/ Daniel J. Vedra
                                              Daniel J. Vedra
                                              Vedra Law LLC
                                              1444 Blake Street
                                              Denver, CO 80202
                                              Phone: (303) 937-6540
                                              Fax: (303) 937-6547
                                              Email: dan@vedralaw.com